DOLORES E. SCOTT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Scott v. Commissioner
Docket No. 2904-93
United States Tax Court
T.C. Memo 1993-406; 1993 Tax Ct. Memo LEXIS 423; 66 T.C.M. (CCH) 606; September 7, 1993, Filed *423 For respondent: Jordan S. Musen. FAY, BUCKLEY FAY, BUCKLEY MEMORANDUM OPINION FAY, Judge: This case was assigned to Special Trial Judge Helen A. Buckley pursuant to section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE BUCKLEY, Special Trial Judge: This matter is before us on respondent's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, filed June 3, 1993. On February 11, 1993, this Court ordered petitioner to file an amended petition, because the first petition did not comply with our Rules as to form and content of a proper petition. Petitioner filed an amended petition. On June 7, 1993, this Court ordered petitioner to file a second amended petition and set respondent's motion for *424 hearing on July 14, 1993. Petitioner filed a second amended petition. Respondent determined deficiencies in petitioner's Federal income tax as follows: Additions to tax
Year
Deficiency
Sec. Sec.
Sec.
6662(a)
6651(a) 6654
1989
$ 10,136
$ 645
--  --  1990
13,673
-- $ 1,916.50
$ 460.38
Respondent's Notices of Deficiency were based on her determinations that petitioner failed to report wage income of $ 41,094 in 1989, and that petitioner failed to report wage income of $ 48,318, pension or annuity income of $ 12,564, and fees and commissions from self-employment of $ 440 in 1990. In her petition, petitioner alleged that she is a resident of Baltimore, Maryland. We review the petitions filed herein to ascertain whether they meet the requirements of our Rules. Rule 34(b) provides in pertinent part that the petition in an action in this Court shall contain "Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "Clear and concise lettered statements of the facts on which petitioner bases the assignments of error". *425 Petitioner, who is an African American, alleges the following in her assignments of errors: The notices of deficiency from the Internal Revenue Service do not address the fact that the Dred Scott Decision of 1856 which has never been reversed; and Article 13, Section 20 of the United States Constitution exempts Africans in America from having to pay federal income taxes. Both documents indicate that Africans (Negroes) cannot become citizens of the United States of America. Taxation without representation is illegal.
In the petition and each of the amended petitions, petitioner failed to make any factual claims of error or contend in general that she did not earn the income in question. Instead, she wrote discourses concerning the mistreatment of African Americans by the United States and contended that African Americans are not liable for Federal income taxes on the grounds of Dred Scott v. United States, 60 U.S. (13 How.) 393 (1857) and the Constitution. We address both of these grounds in turn. The Dred Scott case held that the descendants of Africans imported into this country and sold as slaves were not included under the word *426 "Citizens" in the Constitution. While petitioner may be correct that the Scott case was never overturned by the Supreme Court, the decision was nullified by the 13th Amendment to the United States Constitution and is in no way good law today. Furthermore, the Fourteenth Amendment provides that all persons born or naturalized in the United States are citizens of the United States. Petitioner also relies on "Article 13, section 20 of the United States Constitution" for her view that African Americans are not U.S. citizens. We have thoroughly reviewed article XIII (more commonly referred to as the Thirteenth Amendment), and we cannot find the language upon which petitioner relies. We quote article XIII in its entirety: ARTICLE XIII. Section 1. Neither slavery nor involuntary servitude, except as punishment for a crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction. Section 2. Congress shall have power to enforce this article by appropriate legislation. [December 18, 1865]
No section 20 of article XIII exists. Furthermore, this Court has already addressed petitioner's contentions. *427 We have held taxpayers not to be exempt from income tax under the Constitution because of their being African Americans. Bratton-Bey v. Commissioner, T.C. Memo. 1982-19. The taxpayers in Bratton-Bey and in the cases cited therein were held to be bona fide residents of the United States who enjoyed the benefits of their status and were not exempt from their obligation to support financially the government. We likewise hold that the petitioner in this case is liable for and subject to the Federal income tax under the Constitution and the Internal Revenue Code. There is no statute or constitutional provision which exempts her. We note that petitioner alleges that she is part Cherokee Indian, and she also believes herself to be exempt from Federal income tax on that basis. We have held, however, that Native Americans are obliged to pay taxes on their earnings not derived from tax exempt lands. See Manypenny v. Commissioner, T.C. Memo. 1992-260, affd. without published opinion 995 F.2d 227 (8th Cir. 1992). Petitioner did not contest that she received the income in question and did not *428 allege any specific assignment of errors in the notice of deficiency. Rule 34(b) provides in part that any "issue not raised in the assignment of errors shall be deemed to be conceded." Neither her petition nor her first or second amended petitions raise justiciable error or facts respecting respondent's determinations. For the reasons stated above, this matter will be dismissed for failure to state a claim upon which relief can be afforded, and decision will be entered for respondent. An appropriate order of dismissal and decision will be entered. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue. Rule references are to the Tax Court Rules of Practice and Procedure.↩